# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE SNAPCHAT ACCOUNT SERVICED BY SNAP INC. | ML No. **21-ml-256** |

*Reference:*   *DOJ Ref. # CRM-182-64199; Subject Account: afranciscoff*

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), to execute a request from the Portuguese Republic ("Portugal"). The proposed Order would require Snap Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Santa Monica, California, to disclose certain records and other information pertaining to the PROVIDER account associated with afranciscoff, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require

PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A).

2.  This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.  Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Portugal's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Portugal in connection with a criminal investigation and/or prosecution.

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in Portugal are investigating an unknown suspect for child pornography offenses, which occurred from approximately December 1, 2016 to May 14, 2017, in violation of the criminal law of Portugal, specifically, Articles 171 and 176 of the Portuguese Criminal Code. A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from Portugal to provide the requested records to assist in the criminal investigation and/or prosecution. Although the United States has no treaty obligation to render assistance to Portugal, it generally does so as a matter of comity.

6. According to authorities in Portugal, on and around December 1, 2016, an unknown suspect first contacted a fifteen-year-old girl (the "victim"), by using the Snapchat account **afranciscoff**. The unknown suspect introduced himself as a twenty-three-year-old man named Alonso Francisco ("Francisco") living in Lisbon. The victim conveyed to Francisco that she was fifteen years old. The victim and Francisco exchanged additional messages and images of each other through Snapchat. At Francisco's suggestion, the victim sent him images of her genitals.

7. On May 7, 2017, Francisco sent the victim a video of him masturbating. In response, the victim informed Francisco that she no longer wished to speak with him.

8. On or around May 14, 2017, Francisco responded by threatening to disseminate the images that she had previously sent to him if she stopped speaking with him. Francisco also stated that he would not distribute the images if the victim sent additional images in specifically requested poses, without any clothing. He requested, for example, images of the victim with her hand on her hip and standing in high heels. Francisco also requested the victim send a short video of the victim's butt and her patting her butt, also without clothing. At this point, the victim used another mobile phone and took photographs of her Snapchat conversation with Francisco. The victim also noticed that the images sent by Francisco to the victim appeared to represent different people. Specifically, some of the images showed a man with a shoulder tattoo while other images sent by Francisco did not show the tattoo.

9. The victim and the victim's father filed a criminal complaint on May 25, 2017. The victim provided a statement and photographs of some of the victim's conversation with the Snapchat profile **afranciscoff**.

10. According to Portuguese authorities, for the purpose of Article 176 of the Portuguese Criminal Code, a minor is defined as a person under the age of eighteen years old.

11. In order to identify and locate the unknown suspect(s), Portuguese authorities request certain records pertaining to the Snapchat profile **afranciscoff**, which is serviced by PROVIDER.

## REQUEST FOR ORDER

12. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material

to an ongoing criminal investigation. Specifically, these items will help authorities in Portugal identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

                                                Respectfully submitted,

                                                VAUGHN A. ARY
                                                DIRECTOR
                                                OFFICE OF INTERNATIONAL AFFAIRS
                                                OK Bar Number 12199

By: _____
                                                Christine Yurechko
                                                Trial Attorney
                                                NY Bar Number 5213285
                                                Office of International Affairs
                                                Criminal Division, Department of Justice
                                                1301 New York Avenue, N.W., Suite 300
                                                Washington, D.C. 20530
                                                (202) 353-0133 telephone
                                                (202) 514-0080 facsimile
                                                Christine.Yurechko@usdoj.gov

**Relevant Provision of the Portuguese Criminal Code**

**Article 171 – Exhibitionist Acts**

Whoever harasses another person by engaging into exhibitionist acts before such person or by constraining such person to maintain a contact of a sexual nature shall be sentenced to imprisonment for a term not over one year or to a fine not exceeding 120 days, if no more severe sentence is provided by virtue of any applicable statutory provision.

**Article 176 – Pornography of minors**

1. Whoever:
    a)  Use[s] a minor in a pornographic show or lure[s] him [or her] to that end,
    b)  Use[s] minors in pornographic photography, film or recording, regardless of their medium, or attract[s] them to do so;
    c)  To produce, distribute, import, export, disseminate, exhibit or assign, by any means or by any title, the materials provided for in the preceding paragraph;
    d)  Holds materials provided for in paragraph (b) for the purpose of distributing, importing, exporting, disseminating, exhibiting or giving them away;

    is punished with a prison penalty of one to five years.

2. Whoever practices the acts described in the previous [paragraph] professionally or with lucrative intention, is punished with a prison penalty of one to eight years.

3. Whoever practices the acts described in points a) and b) of paragraph number 1, resorting to violence or serious threat, is punished with a prison penalty of 1 to 8 years.

4. Any person who practices the acts described in paragraphs c) and d) of number 1 using pornographic material with realistic representation of a minor, is punished with a prison penalty of up to two years.

5. Whoever intentionally acquires, detains, accesses, obtains or facilitates access by computer system or by any other means to the materials referred to in paragraph b) of number 1 is punished with a prison penalty of up to 2 years.

6. That, in person or through a computer system or any other means, being an adult, watching or facilitating access to a pornographic show involving the participation of minors under 16 years of age is punished with a prison penalty of up to 3 years.

7. Whoever practices the acts described in [paragraph] nos. 5 and 6 with intent to profit is punished with a prison penalty of up to 5 years.

    An attempt is punishable.